IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD CRIMONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:11-cv-00941 |
| vs. | ) |
| | ) |
| ADVANCE STORES COMPANY D/B/A | ) |
| ADVANCED AUTO PARTS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Pending before the Court is DEFENDANT'S MOTION TO DISMISS COUNT II OF THE AMENDED COMPLAINT (Document No. 7), with brief in support.  Plaintiff has filed a brief in opposition to the motion (Document No. 13), and it is ripe for disposition.

**Factual Background**

Plaintiff Ronald Crimone ("Crimone") is a 62-year-old man who was employed by Defendant ("Advanced Auto Parts") from April 2003 through September 2010 as a Commercial Sales Manager.  He alleges that he was fired for pretextual reasons and replaced by a significantly younger person with no relevant automotive experience.  Count I, which Advanced Auto Parts does not seek to dismiss, asserts a claim under the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623.  In Count II, Crimone asserts a parallel age discrimination claim pursuant to the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S.A. § 955.

Prior to commencing suit, Crimone filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the Pennsylvania

Human Relations Commission ("PHRC").  The EEOC issued a "right to sue" letter on June 22, 2011.  Crimone filed his original Complaint on July 20, 2011, which asserted only an ADEA claim.  The PHRC discharged Crimone's agency charge on August 17, 2011.  Crimone then filed an Amended Complaint on August 23, 2011 to add the PHRA claim.

**Legal Analysis**

Defendant contends that the PHRA claim should be dismissed for failure to exhaust administrative remedies.  Defendant reasons that the filing of the original complaint in this Court should be construed as a request by Crimone to prematurely end the PHRC investigation.  This member of the Court squarely considered – and rejected – this precise argument in *Choff v. Nextier Bank*, 2011 WL 1458782 (W.D. Pa. April 15, 2011).[1]  The Court adheres to the analysis in that case.

As in *Choff*, Crimone's original Complaint did not assert a PHRA claim.  The PHRC acted on its own volition to close Crimone's administrative case upon the filing of an ADEA claim in this Court.  The filing of the PHRA claim in the Amended Complaint is consistent with the text of 43 P.S. § 962(c), which states, in relevant part: "If within one (1) year after the filing of a complaint with the Commission, the Commission dismisses the complaint . . . the Commission must so notify the complainant."  In this case, the PHRC dismissed Crimone's administrative complaint and provided notice by letter dated August 17, 2011. Section 962(c) then states: "**Upon receipt of such a notice** the complainant shall be able to bring an action in

---

[1] Plaintiff's counsel sent a copy of the *Choff* opinion to defense counsel and requested that this motion be voluntarily withdraw.  Defendant declined to do so, which is certainly understandable because *Choff* is not precedential.  Nevertheless, while perhaps not required by Rule of Professional Conduct 3.3 (duty of candor to the tribunal), it would have been prudent and preferable for defense counsel to have acknowledged the existence of *Choff* in their filings with the Court.

the courts . . . ." (Emphasis added).  Crimone asserted his PHRA claim in this Court only after receiving such notice of administrative dismissal from the PHRC.

In summary, Crimone filed his PHRA claim in this Court after the PHRC had given him notice that it had closed its administrative case.  There is no evidence in this record that Crimone took any affirmative action to prematurely terminate the administrative process.  Therefore, Crimone did not fail to exhaust his administrative remedies.

In accordance with the foregoing, DEFENDANT'S MOTION TO DISMISS COUNT II OF THE AMENDED COMPLAINT (Document No. 7) is **DENIED**.

SO ORDERED this 17th day of October, 2011.

BY THE COURT:

/s/ Terrence F. McVerry
United States District Court Judge

cc:   Samuel J. Cordes
      Christine T. Elzer

      Douglas G. Smith
      Melissa L. Evans